(No. 4565-

LETTIE MAE CLAIBORNE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1957.*

WYNN, HAFTER, LAKE AND TINDALL AND GILLESPIE, BURKE AND GILLESPIE, Attorneys for Claimant.

LATHAM CASTLE, ATTORNEY GENERAL; C. ARTHUR NEBEL, ASSISTANT ATTORNEY GENERAL, for Respondent.

TOLSON, C. J.

This case involved an accident between a State of Illinois truck, which was spreading cinders on an icy highway, and an automobile enroute south on Route No. 66 near its intersection with State Highway No. 52 near Plainfield, Illinois. The evidence showed that claimant's car was being driven by a friend with permission of the owner, and that it left the south side of Chicago at about 11:00 P.M. on the night of January 21, 1953. The accident occurred at approximately 2:30 A.M. on the morning of January 22, 1953.

Further evidence showed that the highway was very slick, and the state truck was being used to spread cinders at the icy intersections and on hills. Claimant's car had been following along behind the truck for five or six miles prior to the time and place of the accident. James L. Claire, the truck driver, testified that, as he reached the top of a hill about 500 feet north of the Route No. 66 and Highway No. 52 intersection, he noticed the car behind him, and remarked that it was following him pretty closely. He stated that, as he started down the incline, he applied his brakes in order to slow up, so that his helper, Robert Schwartz, could get out of the truck, and go to the rear to start the cinder spreader. As he applied his brakes, the truck began to skid, and at about that time claimant's car struck the rear of the truck. The driver of the truck stated that he was traveling about fifteen miles an hour, and that his courtesy lights, tail

lights, a revolving red light on top of the cab, which flashed both to the front and rear, a red light hanging on the left rear corner of the truck, emergency lights on the cab, tail light and stop light were all burning.

The driver of claimant's car did not testify. The only testimony on claimant's behalf was given by claimant's husband, who was a passenger in the car at the time of the accident, and claimant, owner of the car, in a deposition taken at Greenville, Mississippi by agreement of the parties.

A stipulation was entered into between the parties that the damage to claimant's car amounted to $487.32.

An examination of the transcript of evidence and the deposition of James Claiborne discloses a sharp conflict in the evidence. James L. Claire, the driver of the truck, and Robert Schwartz, his helper, both testified that at the time of the accident the truck was lighted with courtesy lights, tail lights, and a flasher light on top of the truck was in operation. Mr. Claiborne testified that only the tail light was visible. Both employees stated that the truck went into a skid, as the brakes were being applied preparatory to a stop, so that the helper could get out of the truck and start the cinder spreader, but that they were hit by the Claiborne car before they came to a stop.

Mr. Claiborne testified that the truck was stopped, and was blocking the highway, when his wife's car hit the truck.

It is to be noted that neither Mr. Claire nor Mr. Schwartz were employees of the State Highway Department at the time of the hearing, so there would be little inducement for them to testify, in a favorable manner, on behalf of respondent. Further, since this accident happened at 2:30 A.M. on a slippery road, it would seem rea-

sonable that the highway truck would be using all available lights.

We have held that the state is not an insurer against all accidents, which may occur on its highways.

*Lipscomb vs. State of Illinois, 21 C.C.R. 453.*
*Kamin vs. State of Illinois, 21 C.C.R. 467.*
*Beenes vs. State of Illinois, 21 C.C.R. 83.*

We have also held that the burden of proof is upon claimants to establish their cases by a preponderance of the evidence.

*Martin Jackson Porter vs. State of Illinois, 21 C.C.R. 116.*
*Daly, Et Al vs. State of Illinois, 21 C.C.R. 610.*
*Williams, Et Al vs. State of Illinois, 21 C.C.R. 597.*

This record discloses a regrettable accident caused by a slippery road wherein neither party was at fault.

We, therefore, find that claimant has not sustained the burden of proof, and, therefore, the claim must be denied.